UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LINDA O. JONES,<br><br>Plaintiff,<br><br>v.<br><br>RECOVERY PARTNERS, LLC,<br><br>Defendant. | CIVIL COMPLAINT<br><br>CASE NO. 1:21-cv-00895<br><br>DEMAND FOR JURY TRIAL |

## COMPLAINT

NOW comes LINDA O. JONES ("Plaintiff"), by and through the undersigned, complaining as to the conduct of RECOVERY PARTNERS, LLC ("Defendant"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action for damages pursuant to the Fair Debt Collection Practices Act ("FDCPA") under 15 U.S.C. §1692 *et seq.* for Defendant's unlawful conduct.

### JURISDICTION AND VENUE

2. This action arises under and is brought pursuant to the FDCPA. Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, as well as 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business within, and substantial portion of the events or omissions giving rise to the claims occurred within, the Northern District of Illinois.

### PARTIES

1

4. Plaintiff is a natural person over 18 years-of-age residing in Chicago, Illinois, which lies within the Northern District of Illinois.

5. Defendant is a third party debt collector that attempts to collects debts from consumers across the country, including the state of Illinois. Defendant is a limited liability company organized under the laws of the state of Arizona with its principal place of business located at 12699 North 80th Place, Scottsdale, Arizona.

6. Defendant is a "person" as defined by 47 U.S.C. §153(39).

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives and insurers at all times relevant to the instant action.

## FACTS SUPPORTING CAUSES OF ACTION

8. The instant action arises out of the nature of Defendant's attempts to collect on a consumer debt ("subject debt") said to be owed by Plaintiff.

9. Upon information and belief, the subject debt stems from a purported medical debt said to be owed by Plaintiff.

10. Upon information and belief, after the subject debt was purportedly in default, the subject debt was charged off by the original creditor before making its way into the hands of Defendant.

11. On or about January 22, 2021, Defendant mailed or caused to be mailed to Plaintiff a collection letter ("Collection Letter") via U.S. Mail in an attempt to collect the subject debt from Plaintiff.

12. The Collection Letter was the first written communication Plaintiff received from Defendant in connection with the subject debt.

13. As the initial written communication Plaintiff received from Defendant in connection with the subject debt, the Collection Letter was required to contain certain information about the subject debt, including the "name of the creditor to whom the [subject debt] is owed." *See* 15 U.S.C. § 1692g(a)(2).

14. Defendant's Collection Letter fails to clearly identify the creditor to whom the subject debt was owed.

15. At no point does Defendant's Collection Letter identify a creditor of the subject debt, a current creditor of the subject debt, or clearly indicate to whom the subject debt is owed.

16. Instead, the Collection Letter merely states that Plaintiff has an account with Hawthorne that was placed with Defendant for collections, and that payment on the subject debt was to be made to Defendant.

17. As such, Plaintiff was confused and misled as to whether Defendant was the creditor to whom the subject debt was owed, or whether Hawthorne was the creditor to whom the subject debt was owed.

18. As a result of Plaintiff's confusion and the lack of clarity as precisely to whom the subject debt was then owed, Plaintiff's ability to chart an intelligent course of conduct in response to Defendant's collection efforts was materially impeded, further causing Plaintiff to question the nature and legitimacy of Defendant's collection efforts.

19. Defendant's collection letter was misleading and confusing to Plaintiff, and is similarly misleading and confusing to the unsophisticated consumer, as it left Plaintiff guessing as to whom the subject debt was specifically owed.

20. Defendant's Collection Letter further deprived Plaintiff of truthful, non-misleading information in connection with Defendant's collection efforts.

21. Defendant's failure to comply with the FDCPA posed a substantial risk of harm to Plaintiff's concrete interests under the statute, as Defendant's failure deprived Plaintiff of being able to intelligently respond to Defendant's collection letters upon a review of clear and accurate information – an underlying interest which is at the core of the FDCPA.

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

22. Plaintiff repeats and alleges paragraphs 1 through 21 as though fully set forth herein.

23. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3) of the FDCPA.

24. Defendant is a "debt collector" as defined by §1692a(6) of the FDCPA, because it regularly uses the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts, and further because it is a business the principal purpose of which is the collection of debts.

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of the FDCPA § 1692e**

26. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

27. In addition, this section enumerates specific violations, such as:

> "The false representation of . . . the character, amount, or legal status of any debt . . . ." 15 U.S.C. § 1692e(2)(A).

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e(10).

28. Defendant violated 15 U.S.C. §§ 1692e, e(2)(A), and e(10) through its failure to clearly identify the creditor *to whom the subject debt was owed* in the Collection Letter. At no point does Defendant's Collection Letter identify any sort of creditor or clarify who ultimately held an interest

4

in the subject debt at the time of her receipt of the Collection Letter. Instead, it directs that payments be made to Defendant – an entity with whom Plaintiff was unfamiliar and had no previous dealings. As such, the deceptive and misleading nature of Defendant's Collection Letter caused Plaintiff to question the nature and legitimacy of Defendant's collection efforts, in turn harming Plaintiff and putting Plaintiff at a material risk of harm in connection with Defendant's collection efforts. The Collection Letter's failure to clearly inform Plaintiff as to the identity of the creditor to whom the subject debt was owed violates the FDCPA as a matter of law. *See, Steffek v. Client Servs.,* 948 F.3d 761 (7th Cir. 2020).

### b. Violations of FDCPA § 1692g(a)(2)

29. The FDCPA, pursuant to 15 U.S.C. §1692g(a)(2), requires debt collectors to, in the initial written communication with a consumer, send the consumer a written notice which contains "the name of the creditor to whom the debt is owed."

30. Defendant violated § 1692g(a)(2) through its failure to clearly identify the creditor to whom the subject debt was owed. As stated above, at no point does Defendant's Collection Letter identify a creditor of the subject debt, instead vaguely referencing that the Collection Letter was sent in connection with a Hawthorne account and directing that payment be made to Defendant. Such failure is in direct violation of the FDCPA and Plaintiff has been harmed and put at risk of harm as a result of Defendant's conduct.

WHEREFORE, Plaintiff LINDA O. JONES, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

    c. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

    d. Enjoining Defendant from further contacting Plaintiff; and

    e. Awarding any other relief as this Honorable Court deems just and appropriate.

Dated: February 17, 2021                                 Respectfully submitted,

s/ Nathan C. Volheim                                s/Eric D. Coleman
Nathan C. Volheim, Esq. #6302103               Eric D. Coleman, Esq. #6326734
Counsel for Plaintiff                                   Counsel for Plaintiff
Admitted in the Northern District of Illinois     Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.                          Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200          2500 South Highland Ave., Suite 200
Lombard, Illinois 60148                             Lombard, Illinois 60148
(630) 568-3056 (phone)                            (331) 307-7648 (phone)
(630) 575-8188 (fax)                                (630) 575-8188 (fax)
nvolheim@sulaimanlaw.com                      ecoleman@sulaimanlaw.com

s/ Alejandro E. Figueroa
Alejandro E. Figueroa, Esq. # 6323891
Counsel for Plaintiff
Admitted in the Northern District of Illinois
Sulaiman Law Group, Ltd.
2500 South Highland Ave., Suite 200
Lombard, Illinois
(630) 575-8181, ext. 120 (phone)
(630) 575-8188 (fax)
alejandrof@sulaimanlaw.com